15-4041-cv
Johnson v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand sixteen.

PRESENT:   JON O. NEWMAN,
           GERARD E. LYNCH,
           CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

------------------------------------------------------------------------

JOHN L. JOHNSON,
                    *Plaintiff-Appellant*,

           v.                                          No. 15-4041-cv

COMMISSIONER OF SOCIAL SECURITY,
                    *Defendant-Appellee.*
------------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:          John L. Johnson, *pro se*, Staten Island, New York.

FOR DEFENDANT-APPELLEE:           Candace Scott Appleton, Assistant United States Attorney (Varuni Nelson and Arthur Swerdloff, Of Counsel, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a November 5, 2015, judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant John L. Johnson, proceeding *pro se*, appeals from the district court's judgment on the pleadings, which dismissed his action seeking review of the Commissioner of Social Security's ("the Commissioner") denial of his benefits application. The district court concluded that the Commissioner's decision applied the correct legal standards and was supported by substantial evidence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's judgment on the pleadings. *See Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). When the judgment upholds a benefits determination by the Commissioner, we conduct a *de novo* review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Id.* (internal quotation marks omitted). The substantial evidence standard is "a very deferential standard of review—even more so than the 'clearly erroneous' standard," and means that "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (internal quotation marks and emphasis omitted).

Upon review, we affirm for substantially the same reasons stated in the district court's well-reasoned and thorough memorandum and order. We agree with the district court that the administrative law judge complied with the applicable legal standards and reached a decision that was supported by substantial evidence. The ALJ did not err in deciding the weight to give various medical opinions in the record, as ALJs are not required to give controlling weight to opinions that are not consistent with other substantial evidence in the record. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam). Here, as the ALJ explained, Dr. Whittaker's opinion was not supported by the medical evidence and was at times internally inconsistent, R. 316, and Dr. Goldstein relied primarily on Johnson's self-reported symptoms, R. 317.

We have considered Johnson's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2